IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-WR-65,379-01






EX PARTE DENNIS GEORGE MOHEDANO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 666280 IN THE 183RD JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to forty-five years' imprisonment. The Fourteenth Court of Appeals affirmed
his conviction. Mohedano v. State, No. 14-94-00519-CR (Tex. App. - Houston [14th Dist.]
September 12, 1996, no pet.)

 Applicant contends inter alia that the results of post-conviction DNA re-testing indicate that
the testimony of the State's DNA expert at trial was false or misleading, and that absent this
misleading testimony, the evidence was insufficient to support his conviction. Applicant also alleges
that trial counsel was ineffective for failing to discover and expose the misleading testimony. 
Finally, Applicant also that he is actually innocent of the offense for which he was convicted.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
supplement the habeas record with copies of the transcript of the State's DNA expert's testimony
at trial, and of any transcript or documentation pertaining to the post-conviction re-testing of the
DNA in this case. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the State's DNA expert testified at
trial that the swabs collected from the complainant contained DNA from a male subject, and whether
the expert testified that the samples contained sperm cells. The court shall also make findings as to
whether, on re-testing, the samples were found to contain DNA from a male subject, and whether
the samples contained sperm cells. If such information is available, the court shall make findings
as to whether the results of the DNA re-testing indicated that the samples contained any DNA
attributable to Applicant. 

 The trial court shall also make findings as to whether trial counsel was aware at the time of
trial that "male fraction" DNA did not equate to DNA from a male subject, and if so, whether he
presented this information at trial. The court shall make findings as to whether the performance of
Applicant's trial attorney was deficient in this respect and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 30, 2006

Do not publish